IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01638-CMA-SKC

ELET VALENTINE,

    Plaintiff,

v.

JAMES RIVER INSURANCE COMPANY,
UBER TECHNOLOGIES, INC., and,
RASIER, LLC,

    Defendants.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Plaintiff Elet Valentine's Objection to Order ECF # 264 and Reconsideration of ECF # 261 (Doc. # 267), which the Court construes as a motion for reconsideration (the "Motion"). For the following reasons, the Motion is denied.

### I.    PROCEDURAL BACKGROUND

Plaintiff Elet Valentine ("Plaintiff") has filed numerous motions and documents with the Court. On April 6, 2022, Plaintiff filed "Plaintiff's Requests Court to Order Neutral Evaluation/Settlement Conference." (Doc. # 261.) The Court denied the request because all parties do not agree. (Doc. # 264.) Thus, Plaintiff filed the instant Motion, arguing that the Court's Order conflicts with the magistrate judge's and this Court's respective practice standards. (Doc. # 267 at 1–8.) Plaintiff also argues that the Court's

1

Order conflicts with the court rules, which encourage early neutral evaluation and settlement discussions. (*Id.* at 8–9.)

Defendant James River Insurance Company ("James River") filed an objection to Plaintiff's Motion. (Doc. # 268.) James River argues that "Plaintiff has abused her access to the courts," and it vehemently opposes attending a settlement conference with Plaintiff. (*Id.* at 1–2.) James River argues that Plaintiff has filed over fifty "frivolous and/or legally meritless pleadings, motions, or other submissions." (*Id.* at 5.) Thus, James River asks the Court to prohibit Plaintiff "from submitting further frivolous motions, requests, "judicial notices," or other filings." (*Id.* at 7.) In the alternative, James River asks the Court "to prevent Plaintiff from burdening, oppressing and harassing James River and its counsel," and James River asks the Court that it not be obligated to respond to further filings absent an order of the Court. (*Id.*)

Plaintiff filed a reply, arguing that she is permitted to file objections to this Court's orders. (Doc. # 269.) She also argues that her claims are not frivolous or malicious. (*Id.*) Further, Plaintiff responded to James River's requests for relief with legal arguments related to the substance of her claims and the claims in this litigation.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, a litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may file a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Tenth Circuit recognizes three basic grounds

upon which a motion for reconsideration may be granted: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate to correct clear error or prevent manifest injustice "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.[1]

### III.   ANALYSIS

Plaintiff proceeds *pro se*. Accordingly, the Court engages in a liberal review of the Motion and holds it to a less stringent standard than if it were drafted by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as an advocate for Plaintiff simply because she proceeds *pro se*. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

In this case, Plaintiff filed an "objection" to the Court's Order, wherein Plaintiff seeks reconsideration of the Court's Order denying Plaintiff's request that the Court order a settlement conference. The Court notes that Plaintiff is not permitted to file objections to this Court's Orders. *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996) (explaining the purpose of objections to magistrate judge report and recommendations). However, because the

---

[1] Rule 60(b) is inapplicable here as it grants a party relief from a final judgment. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Court has liberally construed Plaintiff's objection as a motion, the Court will address the merits of the Motion.

Plaintiff's Motion fails. Although settlement discussions are highly encouraged, the Court will not impose settlement negotiations and discussions on unwilling litigants. *Chavez v. City of Albuquerque*, No. 02-cv-621-MCA-RHS, 2004 WL 7337593, at *5 (D.N.M. Nov. 30, 2004) (noting that although "Rule 16 is designed, in part, to encourage pretrial settlement discussions, its purpose is not to coerce or strong arm a settlement or impose settlement negotiations on unwilling parties"); *see also Abney v. Patten*, 696 F. Supp. 567, 568–569 (W.D. Okla. 1987) (observing that rules do "not impose settlement negotiations upon unwilling parties and does not oblige a settlement"). Accordingly, Plaintiff's Motion must be denied because she has not presented an intervening change in the law, new evidence that was previously unavailable, or the need to correct clear error or prevent manifest injustice that would warrant the Court from reconsidering its Order. *See Servants of Paraclete*, 204 F.3d at 1012.

Finally, the Court will not consider James River's requested relief in response to Plaintiff's Motion. "Generally, requests for affirmative relief must be made by a motion, not raised in a response brief." *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 336 (D. Kan. 2020). This is particularly true where, as here, James River's request for relief is based, at least in part, on the Parties' pending motions for summary judgment and the merits of this lawsuit. In response to James River's requests for relief, Plaintiff filed a reply with substantive argument regarding the merits of the Parties'

positions. All of this additional briefing was unnecessary for the Court's resolution of the instant Motion. Although James River may raise its request for relief in a separate motion, the Court notes that it will not consider a new motion with substantive arguments related to the merits of the Parties' pending motions for summary judgment. Those pending motions will be decided in due course.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Elet Valentine's Objection to Order ECF # 264 and Reconsideration of ECF # 261 (Doc. # 267) is DENIED.

DATED: April 27, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge