IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-01638-CMA-SKC

ELET VALENTINE,

    Plaintiff,

v.

JAMES RIVER INSURANCE COMPANY,
UBER TECHNOLOGIES, INC., and,
RASIER, LLC,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews. (Doc. # 303). Judge Crews recommends granting the Motion for Summary Judgment (Doc. # 208) filed by Defendants Uber Technologies, Inc. and Rasier, LLC. Plaintiff, Elet Valentine, objects to Judge Crews's Recommendation. (Doc. # 308).

### I.    BACKGROUND

This is an insurance bad-faith case arising from a car accident. Plaintiff, Elet Valentine, was an Uber driver. (Doc. # 21, ¶ 7). On June 7, 2017, she accepted a ride request on the Uber app, and she began driving to pick up the passenger. (Doc. # 21, ¶ 10). While en route, Plaintiff was rear-ended by another driver, Ashton Wilson. (Doc. # 21, ¶¶ 11-12). Plaintiff alleges that she was injured in the accident, but the other driver

1

was uninsured and could not compensate her for her injuries. (Doc. # 21, ¶ 24). Therefore, she filed an uninsured motorist ("UM") claim with Uber's auto-liability insurer, James River Insurance Company. (Doc. # 21, ¶ 24; Doc. # 208, p. 7).

James River offered Plaintiff a total of $335,000 to compensate her for her injuries: an initial $85,000 payment followed by an additional $250,000 offer. (Doc. # 232-1, p. 190). James River also sent Plaintiff multiple letters advising Plaintiff that, if she felt that $335,000 was not sufficient to settle her claim, James River would consider paying more if Plaintiff participated in an independent medical examination ("IME") at James River's expense. (Doc. # 232-1, pp. 159-61, 187-89, 190-91). Plaintiff repeatedly rejected James River's offers and refused to participate in an IME. (Doc. # 232-1, pp. 162-63, 168-73, 194). Plaintiff then sued James River, alleging breach of contract, bad faith, and violations of Colo. Rev. Stat. §§ 10-3-1115 and -1116. (Doc. # 21, ¶¶ 41-62). Plaintiff also sued Uber and its subsidiary, Rasier LLC, alleging breach of contract and "Vicarious Liability: Non-Delegable Doctrine." (Doc. # 21, ¶¶ 63-91).

Uber and Rasier now seek summary judgment on Plaintiff's claims. (Doc. # 208). Judge Crews recommends granting the Motion on the ground that (1) Plaintiff has failed to show that she had a contract with Uber; (2) Plaintiff has failed to identify what contractual provision Rasier is alleged to have breached; (3) Plaintiff has failed to show that James River is an agent of either Uber or Rasier for purposes of vicarious liability; and (4) Plaintiff has failed to show that either Uber or Rasier impermissibly delegated a duty they owed to Plaintiff. (Doc # 303).

Plaintiff now objects to Judge Crews's Recommendation. (Doc. # 308).

2

## II.   LEGAL STANDARD

### A.   STANDARD OF REVIEW – MAGISTRATE JUDGE'S RECOMMENDATION

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3).

### B.   CONSTRUCTION OF PRO SE PLEADINGS

The Court must construe pro-se pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Id*. However, the Court should not act as a pro-se litigant's advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

### C.   SUMMARY JUDGMENT

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such

3

that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th

Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.   ANALYSIS

The Court has thoroughly reviewed the record, the relevant briefing, and Ms. Valentine's entire 45-page Objection. (Doc. # 308). The Court finds nothing in any of these documents that meaningfully challenges Judge Crews's Recommendation. The vast majority Ms. Valentines' objections are tangential and irrelevant, and they fail to provide any basis for rejecting Judge Crews's Recommendation. As discussed above, Judge Crews determined that Plaintiff's claims must fail for the following reasons:

(1) Plaintiff's breach-of-contract claim against Uber must fail because "Plaintiff never entered a contract with Uber" (Doc. # 303, p. 3);

(2) Plaintiff's breach-of-contract claim against Rasier "has never identified what provision of the contract Rasier is alleged to have breached" (Doc. # 303, p. 4);

(3) Plaintiff's vicarious-liability claim must fail because vicarious liability is not a stand-alone cause of action, and in any event, James River is not an agent of either Uber or Rasier, so neither Uber nor Rasier can be held vicariously liable for James River's conduct (Doc. # 303, p. 6); and

(4) Plaintiff's non-delegable duty claim must fail because Plaintiff has failed to identify any evidence to suggest Uber or Raiser impermissibly delegated a nondelegable duty owed to Plaintiff. (Doc. # 303, p. 9).

Plaintiff fails to explain how any of these conclusions is incorrect.

Plaintiff repeatedly asserts that her claims are not based on any contract she had with either Uber or Rasier. (*See, e.g.* Doc. # 308, p. 28 ("Plaintiff's claim of Breach of Contract is not based on the Rideshare TNC agreement, but an enforcement of James River Insurance Policy No. CA436001CO-02")). Rather, she appears to be alleging that, because Uber and Rasier purchased the relevant James River policy, they can be held liable if James River breaches its policy obligations. (*See generally* Doc. # 308, pp. 23-28). But Plaintiff cites no legal authority to support that position, and the Court finds none. Therefore, having reviewed the matter de novo, the Court agrees with Judge Crews's conclusion that there is no genuine dispute as to any material fact, and that Defendants Uber and Rasier are entitled to judgment as a matter of law.

## IV.     CONCLUSION

For the foregoing reasons, the Recommendation of United States Magistrate Judge S. Kato Crews (Doc. # 303) is AFFIRMED and ADOPTED as an order of this Court. It is

FURTHER ORDERED that Defendants Uber Technologies, Inc. and Rasier, LLC's Motion for Summary Judgment (Doc. # 208) is GRANTED.

The Clerk is directed to enter judgment in favor of Defendants Uber Technologies, Inc. and Rasier, LLC on all claims asserted in this case.

DATED: August 23, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge