IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 20-cv-01638-CMA-SKC

ELET VALENTINE,

    Plaintiff,

v.

JAMES RIVER INSURANCE COMPANY,
UBER TECHNOLOGIES, INC., and,
RASIER, LLC,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews. (Doc. # 300). Judge Crews recommends granting James River Insurance Company's Motion for Summary Judgment (Doc. # 232). Plaintiff, Elet Valentine, objects to Judge Crews's Recommendation. (Doc. # 306). For the following reasons, Judge Crews's Recommendation is affirmed and adopted as an order of this Court.

### I. BACKGROUND

This is an insurance bad-faith case arising from a car accident. Plaintiff, Elet Valentine, was an Uber driver. (Doc. # 21, ¶ 7). On June 7, 2017, she accepted a ride request on the Uber app, and she began driving to pick up the passenger. (Doc. # 21, ¶ 10). While en route, Plaintiff was rear-ended by another driver, Ashton Wilson. (Doc. #

1

21, ¶¶ 11-12). Plaintiff alleges that she was injured in the accident, but the other driver was uninsured and could not compensate her for her injuries. (Doc. # 21, ¶ 24). Therefore, she filed an uninsured motorist ("UM") claim with Uber's auto-liability insurer, James River Insurance Company. (Doc. # 21, ¶ 24).

James River offered Plaintiff a total of $335,000 to compensate her for her injuries: an initial $85,000 payment followed by an additional $250,000 offer. (Doc. # 232-1, p. 190). James River also sent Plaintiff multiple letters advising Plaintiff that, if she felt that $335,000 was not sufficient to settle her claim, James River would consider paying more if Plaintiff participated in an independent medical examination ("IME") at James River's expense. (Doc. # 232-1, pp. 159-61, 187-89, 190-91). Each letter also reminded Plaintiff that, under the relevant James River policy ("Policy"), Plaintiff was required to cooperate with James River's investigation into her injuries, including submitting to an IME upon reasonable request. (Doc. # 232-1, pp. 159-61, 187-89, 190-91). Plaintiff repeatedly rejected James River's offer and refused to participate in an IME. (Doc. # 232-1, pp. 162-63, 168-73, 194). Plaintiff is now suing James River, alleging breach of contract, bad faith, and violations of Colo. Rev. Stat. §§ 10-3-1115 and -1116. (Doc. # 21, ¶¶ 41-62).

James River moved for summary judgment based on Plaintiff's refusal to participate in an IME. (Doc. # 232). James River argued that this refusal constitutes a failure to cooperate, which voids James River's obligation to provide benefits under the policy. (Doc. # 232, p. 11). This Court referred the motion to Judge Crews, who recommends granting the Motion. Judge Crews reasoned that the undisputed facts

show that Plaintiff refused to participate in an IME when it was reasonably requested by James River, and that Plaintiff's refusal to participate amounts to a failure to cooperate that voids James River's obligation to pay under the Policy. (Doc. # 300, pp 4-5). As a result, Judge Crews concluded, there can be no genuine dispute that James River had no contractual obligation to pay Plaintiff additional benefits, and Plaintiff's claims against James River must fail as a matter of law. (Doc. # 300, pp. 4-5).

Plaintiff now objects to Judge Crews's Recommendation. (Doc. # 306).

## II.  LEGAL STANDARD

### A.  STANDARD OF REVIEW – MAGISTRATE JUDGE'S RECOMMENDATION

Under 28 U.S.C. § 636(a)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3).

### B.  CONSTRUCTION OF PRO SE PLEADINGS

The Court must construe pro-se pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Id*. However, the Court should not act as a pro-se litigant's advocate, and it may not "supply additional factual

allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

**C.    SUMMARY JUDGMENT**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.   ANALYSIS

The Court has thoroughly reviewed the record, the relevant briefing, and Ms. Valentine's entire 46-page Objection. (Doc. # 306). The Court finds nothing in any of these documents that meaningfully challenges Judge Crews's Recommendation. The undisputed facts show that (1) James River offered Plaintiff at least $335,000 to compensate her for her injuries; (2) James River advised Plaintiff that it would consider paying additional amounts if Plaintiff participated in an IME; (3) the Policy requires that Plaintiff participate in an IME when "reasonably require[d]" to do so by James River; (4) Plaintiff rejected James River's payment offers and refused to participate in an IME; and (5) Plaintiff's refusal to participate in an IME voids James River's obligation to pay under the Policy. These undisputed facts plainly establish that Plaintiff was not entitled to

benefits under the James River Policy. Therefore, there is no genuine dispute as to any material fact, and James River is entitled to judgment as a matter of law.

Plaintiff's arguments to the contrary are contradicted by the record. First, Plaintiff claims that she did, in fact, participate in an IME with Dr. Sabin. (Doc. # 306, p. 28). The record shows that she did not: Dr. Sabin merely conducted a records review; he did not conduct a physical examination of Plaintiff. (Doc. # 232-1, p. 175).

Next, Plaintiff claims she "never refused a physical IME and there is no record that she refused." (Doc. # 306, p. 34). This claim is also contradicted by the record. The record shows that Plaintiff repeatedly ignored or refused James River's requests for an IME. (Doc. # 232-1, pp. 162-63, 168-73, 194).

Finally, Plaintiff argues that the policy was amended to either limit or eliminate the IME requirement. (Doc. # 306, p. 22). This argument also fails. While Plaintiff is correct that the Policy was amended, nothing in the amendment eliminated the IME requirement. (Doc. # 232-1, p. 37). The amended Policy still required Plaintiff to cooperate with James River in its investigation of her claims and to submit to an IME upon request. (Doc. # 232-1, p. 37). Both of these requirements are conditions precedent to James River's obligation to pay benefits under the Policy, and James River has demonstrated that it was prejudiced by Plaintiff's failure to comply with these requirements.

Having reviewed the matter de novo, the Court agrees with Judge Crews's conclusion that there is no genuine dispute as to any material fact, and that Defendant James River Insurance Company is entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the Recommendation of United States Magistrate Judge S. Kato Crews (Doc. # 300) is AFFIRMED and ADOPTED as an order of this Court. It is

FURTHER ORDERED that Defendants James River Insurance Company's Motion for Summary Judgment (Doc. # 232) is GRANTED. It is

FURTHER ORDERED that, in light of the foregoing, all other pending motions are DENIED AS MOOT.

The Clerk is directed to enter judgment in favor of Defendant James River Insurance Company on all claims asserted in this case.

The Clerk is directed to close the case.

DATED: August 23, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge